IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MITCHELL,

    Petitioner,             No. 2:10-cv-03311-GEB-DAD P

    vs.

GARY SWARTHOUT,            FINDINGS AND RECOMMENDATIONS

    Respondent.

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein petitioner challenges his 2009 prison rules violation conviction for constructive possession of a cellular phone. Before the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Petitioner has filed an opposition and respondent has filed a reply.

**BACKGROUND**

        On May 22, 2009, correctional officer Henderson discovered a cell phone in petitioner's locker during a routine bed area search. (Doc. No. 1 at 39.) A prison rules violation was issued to petitioner for possession of a camera cellphone. (Id.)

        On May 27, 2009, a disciplinary hearing was held on the rules violation. (Id. at 41.) At the hearing, petitioner's cellmate inmate Ashley, testified that the cell phone in question

belonged to Ashley and that he had placed it in petitioner's locker after other inmates yelled out a warning that a correctional officer was approaching. (Id. at 42.)

Nonetheless, petitioner was found guilty of the prison rules violation. (Id. at 43.) The hearing officer made the following finding:

> The SHO is convinced that the phone was already in MITCHELL's locker making MITCHELL in possession of the cell phone through Constructive Possession . . . . This offense requires only proof that the item was contraband. This item qualifies as contraband as Inmate MITCHELL was in possession of an item, which is not authorized.

(Id.) Petitioner was assessed a 30-day loss of worktime credits, a 90-day suspension of Friday visiting privileges, and reduction of privilege group "C" for 90-days. (Id.)

Petitioner is serving an indeterminate life prison sentence pursuant to his judgment of conviction entered in the Alameda County Superior Court on June 12, 1991.[1] On August 2, 2011, petitioner had his initial parole consideration hearing before the California Board of Parole Hearings (Board). (Doc. No. 14-1 at 8.) Parole was denied at that time for a period of five years. (Id. at 97.)

Thereafter, on December 5, 2011 and after exhausting his claim before the state courts, petitioner filed the pending federal habeas petition challenging the guilty finding on the prison rules violation. Petitioner claims that the his federal and state due process and equal protection rights have been violated because he was not provided adequate notice of the prison disciplinary charge of constructive possession of a cellular phone, that such a disciplinary offense is not prohibited under the California Code of Regulations and that there has been an "under

---

[1] Petitioner does not contest the fact that he is serving an indeterminate life sentence and that it appears clear from the transcript pf the Board's parole suitability hearing which refers in its caption to "the matter of the Life Term Parole Consideration Hearing of: ERIC MITCHELL." (Doc. No. 14-1 at 6.) However, the abstract of judgment submitted by respondent refers to, but does not include, the separate "indeterminate abstract." (Id. at 3.) Specifically, the abstract of judgment before this court reflects that petitioner's determinate prison terms were to "be served first" and the indeterminate life term was to "run consecutively to the [determinate] terms and be served last." (Id.)

ground rule change" in the regulations if this were found to be a prison disciplinary violation. (Id. at 6, 8-9.)  Petitioner seeks expungement of his prison rules conviction. (Id. at 21.)

## PARTIES' ARGUMENTS

**I. Respondent's Motion to Dismiss**

Respondent argues that petitioner has failed to raise a cognizable claim to federal habeas corpus relief because in light of his indeterminate life sentence he cannot establish that a successful challenge to his prison disciplinary conviction will affect the fact or duration of his confinement.

According to respondent, petitioner's circumstance is as follows.  In 1991 petitioner was convicted of multiple crimes and sentenced to both a determinate prison term and to an indeterminate term of life imprisonment with the possibility of parole. (Doc. No. 14 at 3; Doc. No. 14-1 at 8.)  In 1998, petitioner began serving his indeterminate life sentence. (Id.) Thus, petitioner's determinate prison term was served first and the earning or loss of time credits by petitioner impacted only when his indeterminate life term began to run. (Doc. No. 14 at 3-4.) Credit adjustments are used to set a minimum eligible parole date (MEPD) and the initial parole hearing is held one year before the MEPD. (Id. at 4.)  Regardless of the MEPD, an inmate will not be released until the Board finds him suitable for parole. (Id.)  Once the inmate is found suitable for parole, the Board sets a base term of confinement and has the discretion to shorten that term through a separate post-conviction credit scheme.  However, the duration of the inmate's incarceration on an indeterminate life term is determinated by the Board, not by statutory credit earnings and losses. (Id.)

Respondent contends that petitioner's MEPD was adjusted after the time credit loss associated with the challenged prison disciplinary conviction and petitioner had his initial parole consideration hearing in 2011. (Id.)  At that hearing, the Board found petitioner unsuitable for release and parole was denied for five years. (Id.) (citing Doc. No. 14-1 at 89-97). Respondent argues that adjusting petitioner's MEPD now would have no impact on when he is

1 actually released from prison on parole since petitioner has already begun to receive parole
2 consideration. (Doc. No. 14 at 4.) Therefore, respondent argues, the pending petition does not
3 challenge the validity or length of petitioner's sentence and does not state a cognizable claim for
4 federal habeas relief. (Id.)

**II.  Petitioner's Opposition**

Petitioner argues that respondent's motion to dismiss should be denied because the disciplinary hearing decision did not satisfy the criteria for establishing a prison rules violation and because he received only minimal due process protection at his 2011 parole hearing. (Doc. No. 15 at 2.) Petitioner argues that although he was found guilty of possession of a cell phone, his cellmate James Ashley testified that the cell phone belonged to Ashley and that Ashley hid the phone in petitioner's locker without petitioner's knowledge. (Id. at 4.) Because the applicable regulations do not prohibit constructive ownership of a cell phone, petitioner argues that he was disciplined based on an unlawful "underground regulation." (Id. at 4-5, 7.)

Petitioner also points out that at his 2011 parole hearing, the Board considered the challenged rules violation conviction in denying him parole. (Id. at 9.) Thus, according to petitioner, the challenged rules violation conviction has in fact impacted the length of his incarceration and federal habeas relief is appropriate. (Id. at 10.)

**III.  Respondent's Reply**

Respondent reiterates the argument that petitioner's thirty-day loss of time credits has no affect on the duration of his incarceration because he is now serving an indeterminate life sentence and is receiving parole consideration by the Board. (Doc. No. 16 at 2.) Thus, according to respondent, petitioner is challenging a condition of confinement which is not cognizable in a federal habeas action. (Id. at 2-3.)

/////
/////
/////

**ANALYSIS**

**I. Legal Standards Applicable to Motions to Dismiss Habeas Actions**

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Respondent's pending motion to dismiss is brought pursuant to Rule 4.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, a writ of habeas corpus is also available to attack future confinement and obtain future releases. See id. at 487-88 ("So, even if restoration of . . . [the prisoners'] good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the duration of their physical confinement itself.").

**II. Impact of Prison Disciplinary on Duration of Confinement**

Respondent argues that petitioner is seeking restoration of lost time credits but because his minimum eligible release date (MERD) has passed and he has received his initial parole consideration hearing, the restoration of the lost time credits will have no impact on the date of his release from confinement. (Doc. No. 14 at 4.) Accordingly, respondent contends that no cognizable claim for federal habeas relief has been stated. However, as noted above, through this habeas action petitioner seeks the expungement of his prison rules violation conviction at least in part so that it will not negatively impact future consideration of his suitability for release on parole.

/////

1    In considering suitability for parole, the Board is required to consider "all
2 relevant, reliable information available," including "behavior before, during, and after the
3 crime[.]" Cal. Code Regs. tit. 15, § 2402(a) & (b).  Circumstances tending to show unsuitability
4 for parole include whether "[t]he prisoner has engaged in serious misconduct in prison or jail."
5 Id. at § 2402(c)(6).  Institutional behavior is given additional consideration among the
6 circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an
7 enhanced ability to function within the law upon release."  Id. at § 2402(d)(9).
8    The Ninth Circuit has held that federal habeas jurisdiction exists where the
9 expungement of a challenged prison disciplinary record is "'likely to accelerate the prisoner's
10 eligibility for parole.'"  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v.
11 Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)).  See also Docken v. Chase, 393 F.3d 1024, 1031
12 (9th Cir. 2004) ("[T]he potential relationship between [petitioner's] claim and the duration of his
13 confinement is undeniable.  In such a case, we are reluctant to unnecessarily constrain our
14 jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so.");
15 Martin v. Tilton, No. 08-55392, 430 Fed. Appx. 590, 591 (9th Cir. April 29, 2011) ("Even
16 though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we
17 have jurisdiction because the Board of Parole will consider the charge [mutual combat without
18 serious injury] when it evaluates Martin's eligibility for parole.")[2]; Dunn v. Swarthout, No. 2:11-
19 cv-2731 JAM GGH P, 2012 WL 3143889, at *3 (E.D. Cal. Aug. 1, 2012) ("It is at least 'likely
20 that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole at
21 any future parole hearing."); Avina v. Adams, No. 1:10-cv-00790 AWI MJS HC, 2011 WL
22 6752407, at *18 (E.D. Cal. Dec. 23, 2011) ("The Board explicitly relied on petitioner's
23 disciplinary findings as one of many reasons in denying him parole.  Thus, it is at least 'likely'
24 that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole."),

---

[2] Citation to this unpublished Ninth Circuit opinion issued after January 1, 2007 is appropriate pursuant to Ninth Circuit Rule 36-3(b).

report and recommendation adopted by 2012 WL 1130610 (E.D. Cal. March 30, 2012); Nguon v. Walker, No. CIV S-10-0704 FCD DAD P, 2011 WL 3501011, at *7 (E.D. Cal. Aug. 8, 2011) ("Expungement of a disciplinary conviction from an inmate's record is likely to accelerate his eligibility for parole and could potentially affect the duration of his confinement."); Rodriquez v. Swarthout, No. 2:10-cv-1226 GEB KJN P, 2011 WL 23126, at *2 (E.D. Cal. Jan. 4, 2011) (recommending that a motion to dismiss a habeas petition be denied because reversal or expungement of the rules violation conviction in question was likely to accelerate petitioner's eligibility for parole particularly where in denying parole the Board specifically warned petitioner that he should become disciplinary free), report and recommendation adopted by 2011 WL 1899799 (E.D. Cal. May 19, 2011); Maxwell v. Neotti, No. 09cv2660-L (BLM), 2010 WL 3338806, at *6 (S.D. Cal. July 15, 2010) (concluding that habeas relief could appropriately be pursued where the petitioner sought expungement of a disciplinary conviction was likely to effect parole consideration under state law), report and recommendation adopted by 2010 WL 3338803 (S.D. Cal. Aug. 24, 2010); Drake v. Felker, No. 2:07-cv-00577(JKS), 2007 WL 4404432, at *2 (E.D. Cal. Dec. 13, 2007) (concluding that a habeas action was cognizable to challenge a prison disciplinary conviction for battery on a peace officer because it "will almost certainly come back to haunt . . . .[petitioner] when the parole board reviews his suitability for parole.").[3]

    Here, in denying petitioner parole at his initial suitability hearing, the Board specifically noted the challenged prison rules violation for possession of a cellular phone, as

---

[3] As has been noted by others, "there has been inconsistency inasmuch as some district courts have found no habeas jurisdiction in this context." Dunn v. Swarthout, No. 2:11-cv-2731 JAM GGH P, 2012 WL 3143889, at *3 (E.D. Cal. Aug. 1, 2012). See also Avina v. Adams, No. 1:10-cv-00790 AWI MJS HC, 2011 WL 6752407, at *9-10 (E.D. Cal. Dec. 23, 2011) (noting divergence of views); Nguon v. Walker, No. CIV S-10-0704 FCD DAD P, 2011 WL 3501011, at *8, n.4 (E.D. Cal. Aug. 8, 2011) (observing that under some circumstances the impact of a challenged disciplinary conviction upon future parole suitability consideration "is simply too speculative to base federal habeas jurisdiction upon.") In this case, however, the impact of the challenged prison rules violation on the parole suitability determination is clearly not speculative since the Board has already specifically considered petitioner's cell phone disciplinary conviction in denying parole, finding it to be a "very serious" prison rules violation. (Doc. No. 14-1 at 93.)

follows:

> Today, the Panel also considers the 115, that being the May 22nd of 2009, for possession of the cell phone. The panel views any cell phone violation as being very serious, falling very shortly behind anything that involves substance abuse or violence in prison. The Panel is aware of circumstances where cell phones have been used to facilitate disturbances, principally at the riots they had in Chino, resulting in a substantial amount of damage to the men's institution. I was also present in Avenal when a cell phone was used to facilitate a drive-off from the facility. The concern obviously is the safety and security of the institution being compromised by the fact that there is a cell phone. We did read the fact and the circumstances of the offense, and if you do have it under appeal, then all the Panel can do is wish you the best for that.

(Doc. No. 14-1 at 93.) Based on the very specific comments set forth above, it is clear that the Board considered petitioner's prison rules violation to be serious misconduct which, in turn, is a circumstance specifically identified under California law as tending to show unsuitability for release on parole. See Cal. Code Regs. tit. 15, § 2402(c)(6). Thus, in this particular case it is likely that the expungement of the challenged prison disciplinary conviction from petitioner's record could accelerate his release on parole. Therefore, the court concludes that petitioner has stated a claim cognizable for federal habeas corpus relief and respondent's motion to dismiss should be denied.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 5, 2011 motion to dismiss the habeas petition for lack of federal habeas corpus jurisdiction (Doc. No. 14) be denied;

2. Respondent be directed to file an answer to petitioner's habeas petition within sixty days from the date of the court's order. See Rule 4, Fed. R. Governing § 2254 Cases. If these findings and recommendations are adopted, an answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases. Petitioner shall file and serve a reply, if any, within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mitc3311.mtd